UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Colony National Insurance Company, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action 4:10-cv-1234 |
| | § | |
| Unique Industrial Product Company, L.P., | § | |
| | § | |
| Defendant. | § | |

## Opinion for Summary Judgment

1.  *Introduction.*

An insurance company argues that it has no duty to defend or duty to indemnify a former insured in two underlying lawsuits because the alleged occurrences are excluded from coverage by the known-loss exception in the insurance policy. The insured says the carrier must defend because at least some of the allegations may be covered by the insurance policy. The insurer will prevail.

2.  *Background.*

Unique Industrial Product Company is an importer and supplier of plumbing parts. Uponor, Incorporated, sells plumbing supplies to plumbers and individual customers. In 2002 and 2003, Unique supplied Uponor with swivel nuts and brass fittings for it to sell for residential plumbing. In June of 2004, Uponor notified Unique that the nuts it bought from Unique were failing and damaging houses.

Before August of 2006, Uponor knew of additional failed Unique fittings in houses. On August 24, 2006, Unique met with Uponor and agreed to pay current and future claims arising from the defective nuts and fittings. In exchange, Uponor agreed to accept additional inventory from Unique. Colony was not a party to the agreement nor was it notified.

In November of 2006, Uponor notified Unique that Ryan Homes had made claims for failed fittings and that Palm Harbor demanded replacement nuts. Uponor paid Ryan Homes's damages and

asked Unique to reimburse it.  Unique has not paid.  Since 2006, Uponor has unsuccessfully sought
reimbursement from Unique for claims about the defective hardware under their August-2006 agreement.

### A. *Insurance Policies.*

Unique was insured by American Wholesale Insurance Company from October 16, 2001,
through October 16, 2005, when American chose not to renew the policy.  On September 30, 2005,
Unique requested liability coverage from Colony National Insurance Company.  In its application,
Unique disclosed its knowledge of failed fittings and fifty-six pending claims against Unique, and it
reported that additional claims were expected.  Colony issued Unique a commercial general liability
policy, effective from October 16, 2005, through October 16, 2006.  Colony and Unique renewed the
policy, extending it through October 16, 2007.  In December 2006, Colony told Unique it was
cancelling the second policy on February 10, 2007.

### B. *Underlying Suits.*

In September of 2007, Uponor sued Unique in Houston.  Unique tendered its defense to
American, who agreed to pay.  Unique also tendered the defense to Colony in January of 2009; Colony
declined that March.  In May of 2009, a class action was brought against Uponor in Minnesota.  That
September, Unique told Colony that it would be added as a third-party defendant in the Minnesota
suit.  In March of 2010, Unique tendered its defense and indemnity in the Minnesota suit to Colony;
Colony declined that April.  In October of 2010, Colony moved for summary judgment to determine
whether it has a duty to defend and indemnify Unique in the underlying suits.

3.      *Duty to Defend.*

An insurance company has a duty to defend its insured in a suit if the complaint alleges facts
potentially within the coverage of the policy.  *Heyden Newport Chem. v. Southern General Ins. Co.* 387
S.W.2d 22, 25 (Tex. 1965).  The complaint must allege facts that, if true, could reasonably assert a
claim covered by the policy; otherwise, an insurer has no obligation to defend its insured in that suit.
If the insured shows potential coverage, the insurer must show that the plain language of the policy
precludes coverage of all claims.  *Northfield Ins. Co. v. Loving Home Care, Inc.* 363 F.3d 523, 528 (5th
Cir. 2004).  An examination of the complaints and the Colony policies shows that the occurrences
happened before the start of the policy period.

By June of 2004, Unique knew that nuts it had sold Uponor were failing.  Unique supplied
Uponor with other nuts.  Uponor distributed the nuts and was later notified by builders that Unique's

nuts were failing during and after installation.   Unique's notifications of failed nuts and failed fittings continued through 2006.

Colony sold Unique two general liability policies that covered October 16, 2005, to February 10, 2007.  The policies cover property damage from occurrences.  In general, Colony would be obliged to defend Unique to the point where it could narrow the facts by identifying the specific items, the date of each occurrence, and the manufacturer of each failed item.  These occurrences, however, are not unique instances for Unique.  Unique knew that an entire supply of nuts and fittings were defective before  seeking coverage from Colony.  The entire universe of failures arising from this batch of failed nuts and failed fittings is excluded from coverage by the plain language of the policy.

4.    *Known Loss.*

A critical component of insurance is fortuity.  A fortuity is something that occurs by chance or accident, something that could not have been reasonably foreseen.  Insurance is designed to protect against unknown risks of harm and loss.  This component in an insurance policy precludes coverage of a loss that is known or in progress at the time the policy is purchased.  An insured cannot seek coverage for a loss that has already begun and which is or should be known to have begun.  *Two Pesos v. Gulf Ins. Co.*, 901 S.W.2d 495, 501 (Tex. App.–Houston [14th Dist.] 1995, pet. denied).  The issue in fortuity is not liability, but the insured's knowledge of a loss before buying the policy. *Warrantech Corp. v. Steadfast Ins. Co.*, 210 S.W.3d 760, 767 (Tex. App.–Fort Worth 2006, pet. denied).

Both insurance policies Unique bought from Colony contain an exclusion for property damage that Unique knew of, in whole or in part, before the policy period – a known-loss exclusion.  At law, Unique knows of an occurrence when it reports part of that property damage to Colony or an other insurer, when it receives a demand or claim for damages because of property damage, or when it otherwise becomes aware that property damage exists.

Unique knew of the losses before buying insurance from Colony.  In Unique's application, of September 30, 2005, it reported that it had "sold a batch of T-fittings from one manufacturer which was defective."  Unique also said that as a result of the defective parts it expected about sixty claims, that no fewer than fifty-six claims had already been made, and that over $300,000 in damages incurred.  Unique showed that it knew of the losses before buying insurance from Colony.  Accordingly, the occurrences described in the suits are excluded because Unique knew of the failures prior to  inception of the policy and because Unique disclosed its knowledge of the  failures and of the current and future claims in its insurance application.

5.    *Application.*

Unique argues that evidence of its knowledge is shown in the Kolb affidavit and that if the affidavit were considered it would violate the rule limiting coverage determination to the policy and the complaint.  It is true that the insurance application discussed in the affidavit is nether the insurance policy nor the facts alleged in the underlying suit.  The application, however, is the foundation of an insurance policy and reveals facts which determine coverage.  Unique's application goes directly and solely to the question of coverage.  Because the evidence is necessary to discern whether coverage exists, and because it addresses only the fundamental issue of coverage, it may be considered.

6.    *Indemnity.*

An insurer's duty to defend and its duty to indemnify are separate duties.  The obligation to indemnify is narrower than the obligation to defend.  The duty to defend is triggered if the allegations raised rationally fall within the coverage of the policy.  The duty to indemnify is triggered by the actual facts establishing the insured's liability in the suit.  A court may decide the question of indemnity before the insured's liability is determined if it establishes that the insurer has no obligation to defend the suit.

Because the allegations fall outside of the policy coverage, Colony has no duty to defend Unique in the suits.  It therefore also does not have an obligation to indemnify Unique.

6.    *Conclusion.*

Colony has no duty to defend or indemnify Unique in the underlying suits.

Signed on April 7, 2011 at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

- 4 -